THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIMOTHY CASTELL JR.<br>Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | Case No. |
| BANK OF AMERICA and EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, LLC, TRANS UNION, LLC<br>Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This is an action for actual, statutory and punitive damages brought by Plaintiff Timothy Castell Jr., an individual consumer, against Defendants Bank of America, Equifax Information Services, LLC, Trans Union, LLC, and Experian Information Solutions, LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA").

## II. PRELIMINARY STATEMENT

2. This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x.

3. Today in America there are three major consumer reporting agencies, Equifax, Experian and Trans Union, and hereafter referred to collectively as the "CRAs".

4. Mr. Castell, like other consumers in America, has no choice on whether private companies such as CRAs maintain and sell credit reports on Mr. Castell to other companies typically known as "users" of credit reports[1].

5. Consumers' sole comfort is to know that any such credit reporting must be done accurately and completely.

6. The CRAs are not allowed to report false information.

7. The CRAs are not allowed to report incomplete information.

8. The FCRA demands that CRAs utilize reasonable procedures to assure the maximum possible accuracy of the information they report. 15 U.S.C. § 1681e(b). When a consumer disputes an item of information, the agency

[1] There are some technical differences in consumer reports and consumer disclosures but in this Complaint Plaintiff will use the common industry term of "credit report" which is also used in the official site to pull your free reports at www.annualcreditreport.com that the Federal Government forced the three credit bureaus – Equifax, Experian, and Trans Union to set up for consumers.

must investigate the dispute and, if the information cannot be verified, delete it. 15 U.S.C. § 1681i.

9. The FCRA's accuracy provision demands that CRAs take actual steps to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like Bank of America, a furnisher of information to the CRAs, particularly where a consumer makes a dispute about information reported.

10. Also, when a consumer like Plaintiff disputes the accuracy of information through the CRAs, those disputes are transmitted to the party furnishing the information, here Bank of America.

11. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

12. Plaintiff brings claims under Section 1681e(b) against Equifax Information Services, LLC, Trans Union, LLC, and Experian Information Solutions, LLC (hereinafter collectively referred to as "CRAs") because it reported inaccurate information about Plaintiff regarding a Bank of America account.

13. When Plaintiff disputed the inaccuracies, CRAs did not reasonably investigate Plaintiff's dispute, also violating Section 1681i.

14. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer reporting Special Edition 21 (Issue 14, March 2, 2017). This is particularly true as to how CRAs have complied with their now 50-year-old obligation to conduct a meaningful accuracy investigation.

15. CRAs have been repeatedly sued by consumers, sanctioned by regulators, and reprimanded by both District and Appellate courts to do more than an automated parroting of what its customer-creditors instruct. Had it followed that advice and heeded those warnings, Plaintiff would not have been harmed.

## III. JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2. Venue in this District is proper in that the Defendant's principal place of business is located in the State of Georgia.

## IV. PARTIES

3. Plaintiff Timothy Castell Jr. is a natural person residing in Orlando, Florida.

4. Plaintiff Timothy Castell Jr. is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

5. Upon information and belief, Defendant Bank of America is a Delaware corporation whose principal place of business is 100 North Tryon Street, Charlotte, NC, 28255.

6. Defendant Bank of America is a "furnisher of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 *et seq*. At all relevant times hereto, Bank of America was a furnisher as governed by the FCRA.

7. Defendant Bank of America is a "person" as that term is defined in the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a.

8. Defendant Experian Information Solutions LLC (hereinafter "Experian") is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

9. Defendant Experian is a California corporation duly authorized and qualified to do business in the State of Georgia.

10. Upon information and belief, Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis as defined by the FCRA, 15 U.S.C. § 1681a(p).

11. Defendant Experian prepared and issued credit reports concerning Plaintiff which include inaccurate information.

12. Defendant Equifax Information Services LLC (hereinafter "Equifax") is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

13. Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Georgia.

14. Upon information and belief, Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis as defined by the FCRA, 15 U.S.C. § 1681a(p).

15. Defendant Trans Union LLC (hereinafter "Trans Union") is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

16. Trans Union is an Illinois corporation duly authorized and qualified to do business in the State of Georgia.

17. Upon information and belief, Trans Union is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis as defined by the FCRA, 15 U.S.C. § 1681a(p).

18. Defendant Trans Union prepared and issued credit reports concerning Plaintiff which included inaccurate information.

19. Upon information and belief, Defendants Trans Union, Equifax, and Experian are regularly engaged in the business of compiling and

maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's creditworthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## V. FACTS OF THE COMPLAINT

20. On November 23, 2020, Bank of America (hereinafter "Bank") filed suit against Mr. Castell in the County Court for Orange County, Florida.

21. In the suit, Bank alleged that Mr. Castell owed it $14,358.95 stemming from a credit account.

22. On or about October 21, 2021, Mr. Castell and Bank entered into a stipulation for payment in full regarding the credit account.

23. In the agreement, Mr. Castell and Bank of America agreed that Mr. Castell owed Bank $14,358.95.

24. The parties further agreed to enter into a payment plan regarding the debt.

25. In the time since, Mr. Castell has made many payments on the debt.

26. On June 27, 2024, the court entered a final judgment in the matter stating that Mr. Castell owed a principal sum of $11,028.45.

27. Unfortunately, Bank furnished inaccurate and incomplete credit information regarding the account to Mr. Castell's credit report.

28. In addition, Equifax, Trans Union, and Experian published the inaccurate and incomplete credit information on Mr. Castell's credit report.

29. The inaccuracies included but are not limited to inaccurate balances, inaccurate past-due amounts, inaccurate credit limits, and incomplete payment history.

30. Mr. Castell disputed the inaccurate and incomplete tradeline on multiple occasions through each CRA.

31. Upon information and belief, Trans Union, Equifax, and Experian each forwarded Mr. Castell's disputes to Bank.

32. None of the Defendants conducted an adequate or thorough investigation into Mr. Castell's disputes.

33. Instead, the Defendants verified the information as accurate, and the inaccurate and incomplete information remained on Mr. Castell's. credit report.

34. As a result of Bank's failure to correct this inaccurate information from Mr. Castell's credit reports, he suffered actual damages including a reduced credit score, stress, anxiety, and emotional distress.

35. As a standard practice, Trans Union, Equifax, and Experian do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

36. Upon information and belief and consistent with their standard policies and procedures, Trans Union, Equifax, and Experian automatically generated their "investigation" results once Bank provided its responses to Mr. Castell's disputes, verifying that the account belonged to him, and no Equifax, Trans Union, or Experian employee took any additional steps after the furnishers provided their responses to Mr. Castell's disputes.

37. Instead, Trans Union, Equifax, and Experian blindly accepted the furnishers' version of the facts and continued to report the inaccurate, derogatory information on Mr. Castell's credit report.

38. Trans Union, Equifax, and Experian continue the practice of parroting the response from their furnishers even though they have been repeatedly sued for failing to conduct a reasonable investigation as required by the FCRA.

39. Trans Union, Equifax, and Experian do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

40. Instead, Trans Union, Equifax, and Experian intentionally choose not to comply with the FCRA to lower their costs and increase profits. Accordingly, Trans Union's, Equifax's, and Experian's violations of the FCRA were willful.

41. At all times pertinent to this Complaint, Bank's processing of consumer disputes was willful and carried out in reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, its conduct was willful because it was intentionally accomplished through intended procedures and because its efficiency in processing disputes is believed to be more important than making sure that the disputes are investigated thoroughly and accurately.

42. Defendant CRAs' publishing of such inaccurate and incomplete information has damaged the personal and credit reputation of Mr. Castell and caused severe humiliation, adverse action, emotional distress, and mental anguish.

## VI. CAUSES OF ACTION

43. This suit is based upon the Defendants' violations of the Fair Credit Reporting Act.

44. All causes of action were the producing causes of damages, which Mr. Castell suffered.

## VII. FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(A)
## (Defendant Bank of America only)

45. Mr. Castell re-alleges and reincorporates all previous paragraphs as if fully set out herein.

46. Bank has violated 15 U.S.C. § 1681s-2(b)(1)(A) including but not limited to its failure to conduct a reasonable investigation in regards to the information that Mr. Castell disputed after it was contacted by the Consumer Reporting Agencies.

47. Plaintiff disputed the account with one or more credit bureaus, as discussed above.

48. When Plaintiff disputed his account with the credit bureaus, Defendant used a dispute system named "e-Oscar," which has been adopted by the consumer reporting agencies and their furnisher customers (such as Defendant).

49. E-Oscar is an automated system, and the procedures used by the credit reporting agencies are systematic and uniform.

50. When a consumer reporting agency receives a consumer dispute, it (usually via an outsourced vendor) translates each dispute into an automated consumer dispute verification ("ACDV") form.

51. Upon information and belief, the ACDV form is the method by which Defendant has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

52. Upon information and belief, the credit reporting agencies forwarded Plaintiff's dispute via an ACDV to Defendant.

53. Defendant understood the nature of Plaintiff's disputes when it received the ACDV forms.

54. Upon information and belief, when Defendant received the ACDV form containing Plaintiff's dispute, it followed a standard and systematically unlawful process where it only reviews its own internal computer screen

for the account and repeats back the same information to the ACDV system that was previously reported to the credit reporting agency.

55. Upon information and belief, when Defendant receive a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

56. Bank has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Mr. Castell.

57. Bank has done so either negligently or willfully.

58. Mr. Castell is entitled to actual damages, punitive damages, attorney's fees and cost 15 U.S.C. § 1681n.

59. Alternatively, Mr. Castell is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## VIII. SECOND CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(B)
## (Defendant Bank of America only)

60. Mr. Castell re-alleges and reincorporates all previous paragraphs as if fully set out herein.

61. Bank has violated 15 U.S.C. § 1681s-2(b)(1)(B) including but not limited to its failure to consider all relevant information forwarded to it by the credit reporting agencies.

62. As Plaintiff detailed in the previous Count, Defendant has elected to use the e-Oscar system for its FCRA disputes received through the consumer reporting agencies.

63. Defendant are aware of the meaning of the several dispute codes used by the consumer reporting agencies in e-Oscar.

64. Defendant do not contend that the ACDV system is an inadequate means to receive FCRA disputes through the consumer reporting agencies.

65. Defendant understood Plaintiff's disputes and that Plaintiff claimed the account did not belong to her.

66. As a result of Defendant's violations of 15 U.S.C. § 1681-2(b)(1)(B), Plaintiff suffered concrete and particularized harm, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

67. Bank has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Mr. Castell.

68. Bank has done so either negligently or willfully.

69. Mr. Castell is entitled to actual damages, punitive damages, attorney's fees and cost 15 U.S.C. § 1681n.

70. Alternatively, Mr. Castell is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## IX. THIRD CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(C)
## (Defendant Bank of America only)

71. Mr. Castell re-alleges and reincorporates all previous paragraphs as if fully set out herein.

72. Bank has violated 15 U.S.C. § 1681s-2(b)(1)(C) including but not limited to its failure to accurately report credit information to the consumer reporting agencies.

73. Bank has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Mr. Castell.

74. Bank has done so either negligently or willfully.

75. Mr. Castell is entitled to actual damages, punitive damages, attorney's fees and cost 15 U.S.C. § 1681n.

76. Alternatively, Mr. Castell is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## X. FOURTH CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(D)
## (Defendant Bank of America only)

77. Mr. Castell re-alleges and reincorporates all previous paragraphs as if fully set out herein.

78. Bank has violated 15 U.S.C. § 1681s-2(b)(1)(D) including but not limited to its furnishing of incomplete and inaccurate information to Mr. Castell's credit report.

79. Bank has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Mr. Castell.

80. Bank has done so either negligently or willfully.

81. Mr. Castell is entitled to actual damages, punitive damages, attorney's fees and cost 15 U.S.C. § 1681n.

82. Alternatively, Mr. Castell is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## XI. FIFTH CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(E)
## (Defendant Bank of America only)

83. Mr. Castell re-alleges and reincorporates all previous paragraphs as if fully set out herein.

84. Bank has violated 15 U.S.C. § 1681s-2(b)(1)(E) including but not limited to its failure to have a procedure to (i) modify the information in its system, (ii) delete that item of information, or (iii) permanently block the reporting of the information.

85. Bank has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Mr. Castell.

86. Bank has done so either negligently or willfully.

87. Mr. Castell is entitled to actual damages, punitive damages, attorney's fees and cost 15 U.S.C. § 1681n.

88. Alternatively, Mr. Castell is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## XII. SIXTH CLAIM FOR RELIEF
## 15 U.S.C. § 1681e(b)
## (Defendants Trans Union, Experian, and Equifax only)

89. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

90. Trans Union, Equifax, and Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy and/or completeness in the preparation of Plaintiff's credit reports and credit files they published and maintained.

91. As a result of Trans Union, Equifax, and Experian's conduct, Plaintiff suffered concrete and particularized harm, including without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

92. Trans Union, Equifax, and Experian's conduct in violating § 1681e(b) were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

93. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

**XIII. SEVENTH CLAIM FOR RELIEF**
**15 U.S.C. §1681i**
**(Defendant Trans Union, Experian, and Equifax only)**

94. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

95. Trans Union, Equifax, and Experian violated multiple sections of § 1681i, including but not limited to (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and complete, and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) failing to review and consider all relevant information

submitted by Plaintiff in violation of §1681i(a)(4); (3) failing to promptly delete the disputed inaccurate and incomplete items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) failing to promptly delete the disputed, inaccurate information from Plaintiff's credit file in violation of § 1681i(a)(5)(A).

96. As a result of Trans Union, Equifax, and Experian's conduct, Plaintiff suffered concrete and particularized harm, including without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

97. Trans Union, Equifax, and Experian's conduct in violating § 1681e(b) were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

98. In the alternative, Trans Union, Equifax, and Experian were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## XII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Timothy Castell Jr. respectfully requests that this Honorable Court enter judgment in favor of Plaintiff Timothy Castell Jr.

and against Defendants Bank of America, Trans Union, Equifax, and Experian for the following:

a. Judgment that Defendants violated the FCRA;

b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Attorney's Fees, Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**Law By JW, LLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@lawbyjw.com
GA Bar No. 528611

By: ______________________
JEFFREY A. WILSON